UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRET HEALY, HEALY RANCH PARTNERSHIP,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPREME COURT OF SOUTH DAKOTA, HEALY RANCH INC., MARY ANN OSBORNE, BARRY HEALY, ALBERT STEVEN FOX, LARRY MINES, SHEILA MINES, BRYCE HEALY,<br><br>Defendants. | 4:23-CV-04118-RAL<br><br><br>ORDER OVERRULING OBJECTIONS TO ORDER SETTING HEARING |

On August 2, 2023, Plaintiffs Bret Healy and Healy Ranch Partnership filed a Complaint in this case against the Supreme Court of South Dakota, Healy Ranch Inc., Mary Ann Osborne, Barry Healy, Bryce Healy, Albert Steven Fox, Larry Mines, and Sheila Mines. Doc. 1. The Complaint invoked federal question jurisdiction under 28 U.S.C. § 1331 and alleged four causes of action: 1) Violation of Due Process against the Supreme Court of South Dakota relating to an appellate decision it rendered allegedly depriving Plaintiffs of their property and liberty interests; 2) Fraud, Misrepresentation, or Other Misconduct against various defendants; 3) Fraud Upon the Court against various defendants; and 4) Injunctive and Declaratory Relief under 28 U.S.C. § 2201. In the Prayer to the Complaint, Plaintiffs sought to have this Court vacate, void or set aside various final judgments; to declare Plaintiff Bret Healy to own two-thirds of the shares of Healy Ranch Inc., contrary to what has been adjudicated in state court; to reduce Barry and Bryce Healy's

ownership of Healy Ranch Inc. to one-sixth each, contrary to what has been adjudicated in state court; and for other and further relief.

Each of the defendants filed motions to dismiss, with the Supreme Court invoking Eleventh Amendment immunity and the Rooker-Feldman doctrine, Docs. 17, 18, and the remaining defendants arguing that the Rooker-Feldman doctrine defeats the federal claim and that res judicata based on prior cases and final judgments bars the action. Docs. 19, 20, 23, 24, 27, 28. Indeed, Plaintiff Bret Healy previously had sued Defendants Albert Steven Fox, Bryce Healy, and Mary Ann Osborne in this Court under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and had lost both before this Court, Healy v. Fox, 572 F. Supp. 3d 730 (D.S.D. 2021), and on appeal, Healy v. Fox, 46 F.4th 739 (8th Cir. 2022). Both this Court and the Eighth Circuit concluded that res judicata barred Plaintiff Bret Healy's claims based on his litigation and loss in prior state-court litigation on related claims in Healy v. Osborne, 934 N.W.2d 557, 562 (S.D. 2019) ("Healy I"). Plaintiffs' Complaint reads as an attempt to have this Court reverse Healy I and declare Bret Healy the winner, notwithstanding the Supreme Court of South Dakota decision and affording res judicata effect to that decision in prior federal court litigation.

Plaintiffs, however, disagree that the Rooker-Feldman doctrine and res judicata bar their claims and resist dismissal. Docs. 33, 34, 35. Plaintiffs on September 22, 2023, filed a Motion and proposed Amended Complaint. Docs. 32, 32-1. The proposed Amended Complaint seeks to substitute by name the Supreme Court of South Dakota justices (plus one Second Circuit judge who sat by designation on the panel) in place of the Supreme Court of South Dakota itself. Doc. 32-1. The proposed Amended Complaint adds a fifth claim under 42 U.S.C. § 1983 contending, rather astonishingly, that the justices and judge sitting by designation "took actions in the complete

absence of all jurisdiction" and thereby violated Plaintiffs' due process and equal protection rights. Doc. 32-1 ¶¶ 351-360. The proposed Amended Complaint retains the same Prayer, though it additionally includes requests to "[d]eclar[e] Plaintiff's future rights and remedies unaffected by" all past decisions and to award Plaintiffs punitive damages, attorney's fees, and costs. Doc. 32-1 at 34.

All defendants except the Supreme Court of South Dakota also filed motions seeking sanctions under Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927. Docs. 29, 30, 31. Plaintiffs oppose those motions. Doc. 36. Plaintiffs also filed a motion to enlarge time to serve Defendant Mary Ann Osborne, Doc. 49, and it appears that she in fact has now been served, Doc. 51.

Plaintiffs on November 7, 2023, filed a "Motion for Preliminary Injunction and Restraining Order," Doc. 52. No affidavit or verified complaint was filed in conjunction therewith, but Plaintiffs did file a brief in support of the motion, Doc. 53, with attachments making clear that Plaintiffs fear that a shareholder meeting of Healy Ranch Inc. scheduled for November 15, 2023, would lead to dissolution of the entity. The motion seeks to enjoin defendants Bryce and Barry Healy from dissolving the entity. Doc. 52. The notice of meeting was dated October 31, 2023, and was sent to plaintiff Bret Healy and separately to Plaintiffs' attorney. Doc. 53-1. On November 7, the undersigned was presiding over the first day of a jury trial in a murder case in Rapid City. The undersigned directed that counsel be contacted with the hope of holding a hearing on November 15 in Pierre, amongst the various felony sentencing hearings that day or on November 16 or 17 when the undersigned was scheduled to be in Sioux Falls. The Plaintiffs' attorney was the attorney unavailable those days, resulting in the hearing being placed on November 20, 2023. This Court then entered an Order Setting Hearing on November 8, 2023. Doc. 54.

Plaintiffs' attorney then filed Objections to Order Setting Hearing. Doc. 55. Plaintiffs' attorney does not object to having the hearing, but critiques this Court's language and absence of rulings in the Order Setting Hearing for Plaintiff and against Defendants. Rather than simply ignore the objections, this Court thinks that it might assist Plaintiffs' counsel to prepare for the hearing and facilitate orderly consideration of the motions to address Plaintiffs' objections.

Objection I argues that this Court should have granted Plaintiffs a temporary restraining order. Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders and allows their issuance in the following circumstances:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs did not meet these requirements. The "Motion for Preliminary Injunction and Restraining Order" references Rule 65 generally and was not accompanied by a verified complaint or affidavit. The brief submitted in support discusses the standard for entry of a preliminary injunction and does not mention at all a temporary restraining order. No explanation was given why there was insufficient time for the other side to be heard and no attorney certification accompanied the motion to certify efforts to give the opposing parties notice or why they should receive no notice. The Response Brief to Motion for Preliminary Injunction and Restraining Order suggests that there is no threat of immediate and irreparable injury. Doc. 57.

Objection II quibbles with the Order Setting Hearing using the word "again" in describing Plaintiff Bret Healy suing certain defendants, noting that this is the third time he has sued some of

them and the second time he has sued others of them. Doc. 54 at 1 n.1. Upon review of the record, this Court likely overlooked other instances where Plaintiff Bret Healy has sued some of these parties. See Doc. 20 at 7.

Objection III asserts that this Court should only consider Plaintiffs' request for a restraining order at the upcoming hearing, rather than, as the Order Setting Hearing contemplates, all pending motions. Plaintiffs overlook that there are substantial questions here about this Court's jurisdiction to hear any claim. A federal court has the responsibility to consider whether it has subject matter jurisdiction in every case and to raise the question sua sponte when it appears jurisdiction is lacking. Hart v. United States, 630 F. 3d 1085, 1089 (8th Cir. 2011). The assertion of federal question jurisdiction turns on the viability of any claim against the Supreme Court of South Dakota or the state judicial officers named in the proposed Amended Complaint. The Eleventh Amendment, judicial immunity, and the Rooker-Feldman doctrine appear to apply, and listing subject matter jurisdiction and the motion to amend complaint among the first matters to be addressed during the hearing makes far more sense than assuming the existence of jurisdiction that may very well be lacking. Objection IV makes a companion assertion that no other motions should be heard because no party made a request for a hearing on any motion; this Court is not deprived of the authority to set a hearing simply because no party has formally asked for one.

Objection V contends that all motions filed by the Defendants are moot because the Plaintiffs have sought to amend their complaint. Defendants can make known at the hearing if they consider their motions to be moot, but this seems to be wishful thinking on the Plaintiffs' part. The amendment of the complaint, even if allowed, plainly does not eliminate the Rooker-Feldman doctrine or res judicata issues, nor the likelihood that the Defendants sued previously will seek

sanctions. And even if the Defendants were to withdraw their motions, this Court, as stated above, would still have to consider whether it has jurisdiction.

Objections VI and VII taken together are contradictory. Objection VI presumes that this Court is going to consolidate evidence on a preliminary and permanent injunction and thereby deprive Plaintiffs of their jury trial right under the Seventh Amendment. Meanwhile, Objection VII criticizes the order for not specifying whether the parties will be allowed to present evidence and testimony. If this Court is convinced that the Eleventh Amendment, Rooker-Feldman doctrine, or judicial immunity apply, then there seems little reason, particularly when there are three related pending civil cases in Brule County, for this Court to exercise supplemental jurisdiction over the case and have an evidentiary hearing on the claim for preliminary injunctive relief among the Healy brothers. If, as this Court and the Eighth Circuit found in the prior federal case, res judicata justifies dismissal, then there would appear to be no need for an evidentiary hearing. Yet, if this Court gets to the question of sanctions, see Fed. R. Civ. P. 11(b), or somehow to the Dataphase factors for possible issuance of a preliminary injunction, see Dataphase Sys. v. C L Sys., 640 F.2d 109 (8th Cir. 1981), then testimony and evidence may be received.

The final objection, Objection VIII, disputes the portion of the Order Setting Hearing requiring a personal appearance of Plaintiffs' counsel while allowing defense counsel to appear remotely. This portion of the order deserves some explanation. The undersigned handled the prior federal case and has read submissions from the Plaintiffs in this case, including some fairly wild assertions such as, for example, that the judicial officers proposed to be individually named in the amended complaint "took actions in the complete absence of all jurisdiction." Doc. 32-1 ¶¶ 352-353. Indeed, the gist of Plaintiffs' Prayer is for this Court to overturn all prior cases, including one of this very Court affirmed by the Eighth Circuit and final judgments of the Supreme Court of

South Dakota. Docs. 1, 32-1. The question of imposition of sanctions under Rule 11(b) and 28 U.S.C. § 1927 is one this Court rarely considers and sparingly applies, but this may well be an instance where it is justified. This Court wants to see and hear from the Plaintiffs' attorney in person to determine if there is indeed a good-faith or colorable argument for suing the Supreme Court of South Dakota and its justices and once again suing for relief that appears to have been repeatedly denied in decisions that are final, both in state and federal courts. If this Court were to award sanctions, they likely would take the form of the adverse parties' attorneys fees, so not mandating the travel of defense counsel could reduce the amount of sanctions that Plaintiffs—and possibly Plaintiffs' attorney—might bear. That was the undersigned's thinking in requiring personal appearance of Plaintiffs' counsel but allowing other attorneys to appear remotely.

Therefore, for good cause, it is

ORDERED that Plaintiffs' Objections to Order Setting Hearing, Doc. 55, are overruled.

DATED this 17th day of November, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE