UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRET HEALY, HEALY RANCH PARTNERSHIP,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPREME COURT OF SOUTH DAKOTA, JANINE KERN, MARK SALTER, JON SOGN, PATRICIA DEVANEY, SCOTT MYREN, STEVEN JENSEN, OFFICIALLY AND INDIVIDUALLY, HEALY RANCH INC., MARY ANN OSBORNE, BARRY HEALY, ALBERT STEVEN FOX, LARRY MINES, SHEILA MINES, BRYCE HEALY,<br><br>Defendants. | 4:23-CV-04118-RAL<br><br><br><br>ORDER ON MOTIONS FOR MISCELLANEOUS RELIEF AND SETTING BOND |

In April 2024, this Court dismissed this case and awarded attorney's fees to various defendants as sanctions against Plaintiffs Bret Healy and Healy Ranch Partnership. Doc. 114. Plaintiff Bret Healy, representing himself pro se, filed multiple pleadings on May 10, 2024: (1) a motion for clarification of this Court's disposition of various claims, Doc. 121; (2) a motion for authorization of an appeal, Doc. 122; (3) a notice of appeal, Doc. 124; and (4) a motion to determine the cash bond to be deposited while his appeal is pending, Doc. 126.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." Liddell by Liddell v. Bd. of Educ., 73 F.3d 819, 822 (8th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Nonetheless, a

1

"district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999). Healy's first motion asks for clarification of this Court's rulings on some of his initial claims, but Healy has appealed those rulings to the Eighth Circuit. The dismissal and sanctions rulings are thus "aspects of the case involved in the appeal"; this Court has been divested of jurisdiction to rule on this motion.

Healy's second motion asks this Court to authorize an appeal to the Eighth Circuit. This Court does not need to affirmatively authorize an appeal in a civil case of this nature, and this case is now on appeal to the Eighth Circuit. Docs. 124, 125. Because there is currently a pending appeal, this motion is moot.

Healy's final motion requested this Court to determine the proper amount of the bond that Healy must post while his appeal is pending. Doc. 126. Defendants Mary Ann Osborne; Barry and Bryce Healy; Healy Ranch, Inc. ("HRI"); and Albert Steven Fox agree that a bond is appropriate, citing to Federal Rule of Appellate Procedure 7 as the basis for the bond. Docs. 128, 129, 130. Healy, however, now opposes posting a bond, arguing that no defendants requested a bond before Healy filed his motion on the issue;[1] that not all defendants have moved for Healy to post a bond; and that Barry and Bryce Healy, HRI, and Fox were untimely in filing their joinders to Osborne's response.[2] Doc. 131. Healy also explains that he believed the bond was necessary

---

[1] Healy filed his motion to determine the amount of the bond on the same day as the notice of appeal, May 10, 2024. It is silly to expect Defendants to move for Plaintiff to post an appeal bond before the Plaintiff files notice of appeal.

[2] Healy is somewhat correct that Barry and Bryce Healy, HRI, and Fox did not file timely responses to the original motion for a bond requirement, Doc. 126, which was filed on May 10, 2024. Local Rule 7.1B requires opposing parties to file responsive briefs "containing opposing legal arguments and authorities" "[o]n or before 21 calendar days after service of a motion and brief." The Healy brothers' joinder was filed on June 4, 2024, which was 25 days after the original motion was filed; Fox's joinder was filed the day after. Although these responses were outside the 21-day window,

2

to be able to appeal, suggesting the bond required would be in the amount of sanctions previously awarded in this case. Id.; Doc. 126; see also Fed. R. Civ. P. 62(b) (discussing supersedeas bonds).

According to the defendants, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In the Eighth Circuit "'costs on appeal' for Rule 7 purposes include only those costs that the prevailing appellate litigant can recover under a specific rule or statute applicable to the case at hand." In re Target Corp. Customer Data Sec. Breach Litig., 847 F.3d 608, 615 (8th Cir. 2017), amended 855 F.3d 913 (8th Cir. 2017). The defendants argue that the prevailing party on a 42 U.S.C. § 1983 action may be awarded costs and "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. However, not all defendants are subject to the § 1983 claim and, therefore, are not all entitled to recover costs under § 1988; only the state defendants would be entitled to costs and attorney's fees. The remaining claims for constitutional violations and frauds do not have specific rules or other statutory provisions authorizing a prevailing party to recoup "costs" or "attorney's fees," but more generalized authority allows recovery for expenses defending frivolous claims or vexatious conduct. See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from

---

the parties were not required to file responses at all because that requirement governs briefs for parties opposing the motion; here, the original motion contemplates the imposition of a bond requirement. Defendants are not opposing requiring Healy to post a bond. Thus, this Court may require posting a bond for appeal as to all defendants, regardless of when or whether they filed a responsive brief.

3

the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

Even where there are recoverable costs, requiring a bond is discretionary, see Fed. R. App. P. 7; 42 U.S.C. § 1988, and it cannot create "an impermissible barrier to appeal," In re Target, 847 F.3d at 615 (quoting Adsani v. Miller, 139 F.3d 67, 76 (2d Cir. 1998)). Some district courts within the Eighth Circuit have considered the following factors to determine if a bond is warranted: "(1) the appellant's financial ability to post a bond; (2) the risk of nonpayment of appellee's costs if the appeal is unsuccessful; (3) the merits of the appeal; and (4) bad faith or vexatious conduct on the part of the appellant[]." In re Uponor, Inc., No. 11-MD-2247, 2012 U.S. Dist. LEXIS 130140, at *6 (D. Minn. Sept. 11, 2012). Under the first factor, the relevant motions and briefs do not demonstrate Healy's ability to post a bond beyond his original assertion that he "was prepared to pay the required cash bond." Doc. 126 at 1. Without additional knowledge about Healy's financial resources, it is difficult to assess the second factor regarding the risk that Healy would not pay the appellees' costs. There is a sum of outstanding sanctions assessed in this case and in a state court case that may decrease Healy's solvency and ability to pay the costs of appeal and make posting a bond more appropriate. The third factor assesses the merits of the appeal. This Court's orders dismissing the case and awarding sanctions, Doc. 67, and denying the motion for reconsideration, Doc. 113, both provide ample discussion relevant to the absence of merit to Healy's arguments and strongly favor imposing a bond requirement. Finally, Healy's continued attempts to challenge ownership of HRI in this Court and in state courts, despite admonishments and sanctions, plus suing as here the justices of the Supreme Court of South Dakota for disagreeing with him, is "bad faith or vexatious conduct" that supports requiring Healy to post bond.

Healy's initial motion, however, seemed to contemplate a supersedeas bond. See Doc. 126. Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry," meaning the party to whom the judgment is owed must wait thirty days before enforcing the judgment. After those thirty days, even if the case is on appeal, the judgment is enforceable unless the party against whom the judgment was entered "obtain[s] a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security," which is generally for the length of the appeal. Fed. R. Civ. P. 62(b). A court generally sets this discretionary bond, known as a supersedeas bond, "in the full amount of the judgment plus interests, costs, and damages for delay." New Access Commc'ns LLC v. Qwest Corp., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (cleaned up and citation omitted). "The purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution" of the judgment. Brakebill v. Jaeger, No. 1:16-cv-008, 1:18-cv-222, 2020 U.S. Dist. LEXIS 269703, at *5 (D.N.D. June 29, 2020) (quoting Exec. Air Taxi Corp. v. City of Bismarck, No. 1:04-cv-56, 2007 U.S. Dist. LEXIS 93858; at *4 (D.N.D. Feb. 14, 2007)); see also Regions Bank v. Lamb, No. 4:16-cv-00078, 2017 U.S. Dist. LEXIS 220149, at *4 (E.D. Ark. Mar. 15, 2017) (explaining one purpose of the supersedeas bond as "protect[ing] the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal"). Of course, a supersedeas bond also "permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal." Regions Bank, 2017 U.S. Dist. LEXIS 220149, at *4. The judgment in this case ordered Healy to pay attorney's fees "in favor of Defendant Mary Ann Osborne for $16,487.51; in favor of Defendants Healy Ranch, Inc., Barry Healy, Bryce Healy,

Larry Mines and Sheila Mines for $14,463.63; and in favor of Defendant Steven Fox for $18,320.56." Doc. 113 at 4.

As far as an additional bond under Federal Rule of Appellate Procedure 7, no defendant has provided an estimate for the costs or arguably recoverable attorney's fees that will be incurred on appeal. Presumably, the Defendants on appeal can largely recycle the briefs they already have filed here and avoid incurring much additional cost. Conversely, the amount of a supersedeas bond is less speculative because judgment entered against the plaintiff in a sum certain of $49,271.70. Given these circumstances, this Court is not going to require an additional bond under Federal Rule of Appellate Procedure 7, and Healy will have to post a bond in the amount of the prior judgment of $49,271.70 to avoid potential collection action while the case is on appeal.

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion for Miscellaneous Relief to Clarify the Court's Disposition of Counts 2, 3 and 4 of First Amended Complaint, Doc. 121, and Plaintiff's Motion for Miscellaneous Relief, Doc. 122, are denied. It is further

ORDERED that Plaintiff's Motion for Miscellaneous Relief to Determine the Amount of the Cash Bond Required to be Deposited with the Court Associated with Sanctions Ordered by the Court in Document 114 while the Matter Is Being Appealed to the Eighth Circuit Court of Appeals, Doc. 126, is granted to the extent that Plaintiff must post a supersedeas bond at least in the amount of $49,271.70 to avoid Defendants instituting collection while the matter is on appeal.

DATED this 13th day of August, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE